IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02330-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

MAJOR JAMES OLSON, CDOC/AVCF,
MAJOR SCOTT GROVER, CDOC/AVCF,
CASE MANAGER MS. REED, CDOC/AVCF, and
PRISONER ROWLAND CDOC NUMBER 162031,

    Defendants.

# ORDER

This matter is before the Court on the Recommendation Re: Motion to Dismiss And/Or Motion for Summary Judgment [#42] of Magistrate Judge S. Kato Crews issued on August 10, 2021 [Docket No. 81]. The magistrate judge recommends granting in part and denying in part the motion to dismiss filed by defendant James Olson ("Olson") and Case Manager Patricia Reed ("Reed") [Docket No. 42]. Olson and Reed filed an objection. Docket No. 82. Plaintiff filed a response to the objection. Docket No. 84.

## I. BACKGROUND

The background facts are set forth in the magistrate judge's recommendation, Docket No. 81, and the Court adopts them for the purposes of ruling on Olson and Reed's objection. Plaintiff brings one claim against defendants for retaliation for engaging in protected conduct in violation of the First Amendment. Docket No. 40 at 5.

Olson and Reed moved to dismiss the claim against them or, in the alternative, grant summary judgment in their favor. Docket No. 42 at 1. The magistrate judge recommends that the request for summary judgment be stricken,[1] that the motion to dismiss be granted in part and defendant Scott Grover ("Grover") be dismissed from this case,[2] and that the motion to dismiss be denied with respect to Olson and Reed. Docket No. 81 at 12. Olson and Reed only object to the magistrate judge's third recommendation. *See* Docket No. 82 at 1-2, n.1-2.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving,

---

[1] Olson and Reed do not object to the magistrate judge's recommendation that their alternative request for summary judgment be stricken, Docket No. 82 at 2 n.2, and the Court therefore accepts the magistrate judge's recommendation on this issue.

[2] At the time of the filing of the motion to dismiss, defendant Grover had not yet been served. Docket No. 42 at 1 n.1. On June 8, 2021, Grover, through the same counsel as Reed and Olson, filed a motion to join in their motion to dismiss, Docket No. 60, which the Court granted. Docket No. 62. The magistrate judge recommends dismissing Grover from this action, Docket No. 81 at 7, and the objection states that it is not filed on Grover's behalf. Docket No. 82 at 1 n.1. Plaintiff has not filed a timely objection to the recommendation, and the Court will accordingly accept the magistrate judge's recommendation to dismiss Grover from this action.

"a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alteration marks omitted).

The Court will "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Olson and Reed have filed a timely and specific objection, Docket No. 82; the Court will therefore conduct de novo review. In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## III. ANALYSIS

Olson and Reed raise the following objections: (1) plaintiff's alleged injury is too *de minimis* to support a First Amendment claim; (2) Olson and Reed are entitled to qualified immunity; and (3) plaintiff has not sufficiently alleged Olson's personal participation in the retaliation. Docket No. 81 at 3. The Court will first consider Olson and Reed's qualified immunity argument.

Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To establish a First Amendment retaliation claim, plaintiff must demonstrate (1) that he was engaged in a constitutionally protected activity; (2) that the

3

defendants' action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' action was substantially motivated as a response to his exercise of his First Amendment speech rights. *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). Plaintiff alleges that he was retaliated against for engaging in the protected conduct of filing grievances. Docket No. 40 at 9. Specifically, plaintiff alleges that defendants Reed and Rowland, at defendant Olson's direction, refused to serve plaintiff a meal he was entitled to and loudly stated, in front of other inmates, that this was because plaintiff had filed grievances. *Id.* at 7.

The magistrate judge found that Olson and Reed were not entitled to qualified immunity on this claim. Docket No. 81 at 11. They object. Docket No. 82 at 12. "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

4

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

The Court first considers whether the right that plaintiff claims – to be free from the denial of two meals and being punished in front of other inmates in retaliation for filing a grievance[3] – is clearly established.[4] "Ordinarily, in order for the law to be clearly

---

[3] Olson and Reed argue that the complaint alleges only that plaintiff was denied the opportunity to purchase steak, not that he was denied regular lunch and dinner meal service at the prison. Docket No. 82 at 7-8. The complaint alleges that "Plaintiff was then forced to go without lunch or dinner for the day as retaliation and punishment for filing grievances." Docket No. 40 at 8. The complaint also alleges that Reed and Rowland loudly told plaintiff, in front of other inmates, that the denial was due to him filing grievances and ordered him to leave the area. *Id.* Accordingly, construing the facts in the light most favorable to plaintiff, the Court will consider the alleged violation to be the denial of two meals and being punished in front of other inmates in retaliation for filing grievances. This interpretation aligns with how the magistrate judge construed

established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quotation marks and citation omitted). The Tenth Circuit has recognized that, "[e]ven when no precedent involves facts 'materially similar' to ours, the right can be clearly established if a precedent applies with 'obvious clarity.'" *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017).

The magistrate judge relied on *Strope v. Sebelius*, 189 F. App'x 763, 766-67 (10th Cir. 2006) (unpublished), to find that plaintiff's right was clearly established. Docket No. 81 at 11. In *Strope*, the court reversed the district court's dismissal of the plaintiff's retaliation claim that was based on the plaintiff being served scorched and spoiled food after filing grievances. *Id.* The court stated that the allegations were "substantial enough to require a response from the government." *Id.* at 767. However, the Tenth Circuit recently stated that reliance on a single unpublished opinion is

---

the right at issue. See Docket No. 81 at 10.

[4] The Supreme Court has repeatedly stated that the law that must be clearly established should be particularized to the facts of the case. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case." (internal quotations and citations omitted)). Accordingly, it is the right to be free from the retaliatory denial of two meals and punishment in front of inmates, not the more general right to be free from retaliation for filing a grievance, that must be clearly established. *See Matson v. Hrabe*, 612 F. App'x 926, 930 (10th Cir. 2015) (unpublished) ("[T]he right in this case is not the right to be free from retaliation from filing grievances, but the more specific right to be free from a retaliatory transfer to another general-population unit in the same prison.").

insufficient to find that a right is clearly established. *Williams v. Hanson*, 5 F.4th 1129, 1132 (10th Cir. 2021) ("In denying qualified immunity, the district court relied solely on an unpublished opinion . . . . The defendants argue that a single unpublished opinion cannot establish qualified immunity. We agree."). The *Williams* court cited *Green v. Post*, 574 F.3d 1294, 1305 n.10 (10th Cir. 2009) ("In determining whether the law was clearly established, we have held that we may not rely upon unpublished decisions."), and *Mecham v. Frazier*, 500 F.3d 1200, 1206 (10th Cir. 2007) ("An unpublished opinion, . . . even if the facts were closer, provides little support for the notion that the law is clearly established. . . ."), in coming to this conclusion. 5 F.4th at 1132-33. Accordingly, the Court finds that *Strope*, by itself, is insufficient to find that the right to be free from the denial of two meals and punishment in front of other inmates due to the filing of a grievance is clearly established.

However, the Court will conduct its own review to determine if any other opinions show that the right was clearly established. *Id.* at 1132 ("A single unpublished opinion does not show clear establishment of the right, but we examine all pertinent opinions."). A trivial or *de minimis* injury will not support a First Amendment retaliation claim. *Eaton v. Meneley*, 379 F.3d 949, 954-55 (10th Cir. 2004). Plaintiff's response to the motion to dismiss cites cases concerning the deprivation of food that arise under the Fifth, Eighth, and Fourteenth Amendment. *See* Docket No. 46 at 7 (citing *Green v. Johnson*, 977 F.2d 1383, 1387 (10th Cir. 1992) (alleging violations of Fifth, Eighth, and Fourteenth Amendment rights) and *Willis v. Bell*, 726 F. Supp. 1118, 1121-22 (N.D. Ill. 1989) (alleging violation of Fourteenth Amendment rights for not providing food for twelve

hours)). The Tenth Circuit has said that a "substantial deprivation of food" may be sufficiently serious to state a claim under the Eighth Amendment. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)).

These cases are relevant to determining whether the deprivation plaintiff suffered is sufficient to chill a person of ordinary firmness from exercising his constitutional rights. However, they do not stand for the proposition that the right to be free from the retaliatory denial of two meals and punishment in front of other inmates was clearly established in 2018. Additionally, plaintiff's response to defendants' objection does not cite any caselaw showing that this right was clearly established.[5] *See* Docket No. 84 at 2-5. Accordingly, plaintiff has not carried his burden, in the face of the assertion of qualified immunity, to show that this right was clearly established in

---

[5] Plaintiff argues for the first time in his response to the objection that it is clearly established that labeling an inmate a snitch constitutes deliberate indifference. *See* Docket No. 84 at 3-4. However, plaintiff did not make this argument in response to defendants' motion to dismiss. *See generally* Docket No. 46. The motion to dismiss argues that defendants did not violate plaintiff's clearly established rights. *See* Docket No. 42 at 7-8. In response, plaintiff argued that it is clearly established that the denial of food in retaliation for filing a grievance is a constitutional violation. Docket No. 46 at 9-10. Plaintiff argued that Reed and Rowland yelled at him in front of other inmates in order to humiliate him and deter other inmates from filing grievances. *See id.* at 2-3. Accordingly, plaintiff's argument that defendant's violated his clearly established rights by labeling him a snitch is raised for the first time in his response to defendant's objection. "[B]y failing to raise the issue in his initial response to the [defendants'] motion to dismiss, [plaintiff] has waived the argument." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished); *see also Evers v. Regents of the Univ. of Colorado,* No. 04-cv-02028-PSF-PAC, 2005 WL 8171859, at *2 (D. Colo. Nov. 14, 2005) ("A party generally may not raise new arguments to the district court not presented to the Magistrate Judge."); *Alleyne v. Midland Mortg. Co.*, No. 05-cv-02412-PSF-PAC, 2006 WL 2860811, at *3 (D. Colo. Sept. 12, 2006) ("[O]nly those arguments raised before the Magistrate Judge will be considered."). Accordingly, the Court will not consider this new argument.

2018.  *See T.D.*, 868 F.3d at 1220 (stating the plaintiff carries a burden to show "that the right was clearly established at the time of the defendant's unlawful conduct" when a defendant asserts qualified immunity); *Est. of Vallina v. Petrescu*, 757 F. App'x 648, 651 n.1 (10th Cir. 2018) (unpublished) ("Because [defendant] asserted a qualified immunity defense in her motion to dismiss, plaintiffs bore the burden to demonstrate that both: (1) their factual allegations established a constitutional violation and (2) that the right was clearly established at the time of the alleged misconduct."); *Reinhardt v. Kopcow*, 66 F. Supp. 3d 1348, 1360 (D. Colo. 2014) (plaintiffs' failure to cite caselaw showing the right was clearly established was "fatal" to the claim).  Additionally, the Court's own review has not located any opinions that would support finding the right clearly established.  *Cf. Requena v. Roberts*, 893 F.3d 1195, 1211-12 (10th Cir. 2018) (verbal threats and harassment without more are not sufficiently chilling); *Hale v. Geo Grp., Inc.*, 2013 WL 12086758, at *6 (D.N.M. July 26, 2013) (finding allegations that defendant "(i) altered his food by mashing up his cornbread with his other food, (ii) removed one of his pictures and tore another picture of his sister, and (iii) removed his sheets" insufficient to establish constitutional violation); *Ferguson v. Clifton*, No. 18-cv-00921-CMA-SKC, 2019 WL 983491, at *4 (D. Colo. Feb. 7, 2019) (finding no constitutional violation based on verbal threats and harassment for filing grievances when the actions did not "create[] terror of instant and unexpected death"), *report and recommendation adopted*, 2019 WL 979014, at *1 (D. Colo. Feb. 28, 2019).  Because plaintiff's right was not clearly established, Olson and Reed are entitled to qualified immunity, and the Court will reject the magistrate judge's recommendation to deny them

9

qualified immunity.[6]

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation Re: Motion to Dismiss And/Or Motion for Summary Judgment [#42] of Magistrate Judge S. Kato Crews [Docket No. 81] is **ACCEPTED in part** and **REJECTED in part**. It is further

**ORDERED** that Defendants' Objection to Magistrate Recommendation (Doc. 81) [Docket No. 82] is **SUSTAINED**. It is further

**ORDERED** that the Motion to Dismiss And/Or Motion for Summary Judgment [Docket No. 42] is **GRANTED in part**, to the extent it seeks dismissal of the claim against defendant Grover based on the lack of personal participation and defendants Olson and Reed based on qualified immunity. It is further

**ORDERED** that plaintiff's claim one, retaliation in violation of the First Amendment, is **DISMISSED with prejudice** with respect to defendants Olson and Reed and **without prejudice** with respect to defendant Grover.[7] It is further

---

[6] Because Olson and Reed are entitled to qualified immunity, the Court need not consider Olson's additional argument that plaintiff did not allege sufficient facts to show Olson's personal involvement in the alleged constitutional violation. *See* Docket No. 82 at 13-14.

[7] The Court will dismiss the claim against Olson and Reed with prejudice because they are entitled to qualified immunity. *See Clark*, 625 F.3d at 692 (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice"); *McCrary v. Jones*, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity). However, the Court will dismiss the claim against Grover without prejudice. Dismissal of a pro se complaint under Rule 12(b)(6) should ordinarily be without prejudice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Dismissal with prejudice is proper only

**ORDERED** that defendants Olson, Reed, and Grover as **DISMISSED** from this lawsuit.

DATED September 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

"where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corr.* 165 F.3d 803, 806 (10th Cir. 1999)). The Court dismisses Grover due to plaintiff's failure to plead sufficient personal involvement; accordingly, this is a pleading error that may be cured and dismissal will be without prejudice.